# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **B.H.**

**No. 15-0983** (Harrison County 15-JA-24-2)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Jerry Blair, appeals the Circuit Court of Harrison County's September 11, 2015, order terminating her parental rights to three-year-old B.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Dreama D. Sinkkanen, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding that she did not cure the conditions that led to the neglect when the DHHR failed to provide her with substance abuse treatment.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, the DHHR filed an abuse and neglect petition against petitioner, who had a previous involuntary termination of parental rights to two older children in 2011 due to her drug use. The DHHR alleged that petitioner was addicted to drugs that resulted in the neglect of her youngest child, B.H.

At the adjudicatory hearing held in late April of 2015, petitioner stipulated to her prior involuntary termination of parental rights and to the neglect of B.H. due to her current drug use. Thereafter, petitioner moved for a post-adjudicatory improvement period. Due to petitioner's apparent sobriety at the adjudicatory hearing, the DHHR did not object to permit her temporary physical custody of B.H. under certain terms and conditions.

---

[1]Petitioner filed this appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In May and June of 2015, petitioner provided drug screen samples that tested positive for cocaine and opiates. Based on these positive drug screens, the DHHR filed an amended petition against petitioner. Thereafter, the DHHR sought and obtained physical custody of B.H. pending the outcome of these proceedings.

In July of 2015, the circuit court held a hearing on petitioner's motion for an improvement period and an adjudicatory hearing on the amended petition. Petitioner failed to appear at this hearing, but she was represented by counsel who claimed that petitioner failed to contact him prior to the hearing. Petitioner's counsel moved to withdraw due to petitioner's lack of cooperation, but the motion was denied. Thereafter, the circuit court heard testimony that petitioner tested positive for drugs on May 12, 2015, May 26, 2015, and June 18, 2015. The evidence further established that petitioner failed to participate in services, which included petitioner's failure to attend in-patient drug treatment that was specifically arranged by the DHHR in May of 2015. The circuit court was also informed that petitioner had not maintained visitation with B.H. following the child's removal from her care. At the conclusion of the hearing, the circuit court denied petitioner's motion for an improvement period and adjudicated her as an abusing parent as alleged in the amended petition.

In September of 2015, the circuit court held a dispositional hearing. Petitioner arrived approximately one hour late to that hearing and admitted during her testimony that she had used controlled substances two days prior to the hearing. Although the circuit court noted that petitioner appeared unable to remain awake and/or keep her eyes open during the hearing, petitioner denied being under the influence of drugs during the hearing. Petitioner further testified that she made efforts to seek in-patient drug treatment that were unsuccessful. The DHHR worker testified that petitioner's parental rights to B.H. should be terminated due to her lack of cooperation in services, which included in-patient drug treatment arranged by the DHHR that petitioner failed to attend. At the conclusion of the hearing, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future. As such, the circuit court terminated her parental rights to B.H. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner assigns error to the circuit court's finding that she did not cure the conditions that led to the neglect by time of disposition when the DHHR failed to provide her with substance abuse treatment. However, the record is clear that the circuit court was presented with sufficient evidence upon which to terminate petitioner's parental rights to B.H. As provided in West Virginia Code §§ 49-4-604(c)(1) and (3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when

> (1) The abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and such person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning;
>
> . . . .
>
> (3) The abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]

Moreover, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*In re Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4.

In this case, while petitioner argues that the DHHR failed to provide her with drug treatment, the circuit court heard evidence that, in fact, the DHHR arranged in-patient drug treatment in May of 2015 that petitioner failed to attend. Further, despite in-patient treatment and other services arranged by the DHHR, petitioner had not cured the conditions of neglect at the time of the dispositional hearing. At that hearing, petitioner admitted she had used drugs two days before, and tested positive for controlled substances on multiple drug screens throughout the underlying proceedings. It is clear that petitioner was habitually addicted to controlled substances and failed to follow through with the efforts designed to remedy her addiction.

Given petitioner's repeated failures to achieve sobriety, the circuit court properly found that there was no reasonable likelihood that she could substantially correct the conditions of

neglect in the near future. It is also clear from the record on appeal that termination was necessary for B.H.'s welfare in order for that child to be provided permanency and stability moving forward. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights based on those findings. Therefore, under the circumstances presented in this case, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 11, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **April 12, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II